UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL DÍAZ,<br>**Plaintiff**<br><br>v.<br><br>RICHARD L. CARRIÓN;<br>JUAN J. BERMÚDEZ;<br>FRANCISCO M. REXACH, JR.;<br>MICHAEL J. MASIN;<br>MANUEL MORALES, JR.;<br>JOSÉ R. VIZCARRONDO;<br>MARÍA LUIS FERRÉ;<br>FREDERIC V. SALERNO;<br>WILLIAM J. TEUBER, JR.,<br><br>**Defendants**<br><br>And<br><br>POPULAR, INC.,<br>**Nominal Defendant** | CIVIL NO. 09-_____<br><br>Removed from:<br>Commonwealth of Puerto Rico<br>Court of First Instance,<br>Superior Court of San Juan<br><br>No. K AC2009-1083 (603)<br><br><br>NOTICE OF REMOVAL |

### DEFENDANTS POPULAR, INC. AND RICHARD CARRIÓN'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446 and, 48 U.S.C. § 864, Defendants Popular, Inc. (hereinafter, "Popular") and Richard L. Carrión ("Carrión"), hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Commonwealth of Puerto Rico Court of First Instance, Superior Court of San Juan, to the United States District Court for the District of Puerto Rico. Defendants Popular and Carrión appear for the purposes of removal only and for no other purpose, reserve all defenses and rights available to them, and state as follows:

1. On September 9, 2009, Plaintiff Manuel Díaz, a purported shareholder of Popular, filed the above-captioned derivative action against nominal defendant Popular and various of its directors in the Commonwealth of Puerto Rico Court of First Instance, Superior Court of San Juan, under Case No. K AC2009-1083 (603). This derivative action asserts virtually identical allegations contained in two consolidated securities class actions (Federal Securities Class Actions") and another derivative action pending before this Court ("Federal Derivative Action"). These are: (1) *Russell Hoff, individually and on behalf of all others similarly situated v. Popular Inc., et al.,* Civil No. 09-1428 (GAG), consolidated with *Fernando Otero, as administrator of the Estate of Manuel Romero Sanchez and JMV Investment Group Inc., individually and on behalf of all others similarly situated v. Popular Inc. et al.,* Civil No. 09-1582 (GAG), both of which are pending before Honorable Judge Gustavo Gelpí; and (2) *Ruben García, derivatively for the benefit and on behalf of the Nominal Defendant Popular Inc. v. Richard Carrión, et al.*, Civil No. 09-1507(JAG), pending before Honorable Judge García Gregory.[1]

2. The instant derivative complaint asserts claims for alleged breach of fiduciary duties, abuse of control, mismanagement, squandering of corporate assets and unjust enrichment. See Complaint and certified translation thereof, attached hereto as **Exhibits 1** and **3,** respectively. No federal or state statute is cited in the Complaint in support of these claims. However, such claims are almost exactly the same as those alleged in the Federal Securities Class Actions and the Federal Derivative Action. In sum, as in the Federal Securities Class Actions and the Federal Derivative Action, Plaintiff Díaz alleges that during the period beginning in January 23, 2008 until January 22, 2009, defendants "allowed the company to materially mislead the investing

---

[1] Three class actions filed under the Employee Retirement Income Security Act of 1974 ("ERISA") and currently pending before Honorable Judge Aida Delgado also involve the same set of facts alleged in the Federal Securities Class Actions and the Federal Derivative Action. These three class actions have been consolidated as *In re Popular Inc. ERISA Litigation*, Master File No. 09-1552.

public, by inflating the price of Popular's common shares, [and] by issuing false and misleading public statements" regarding "Popular's businesses, financial perspectives and operations". Complaint, **Exhibit 3**, ¶ 100. Importantly, as in the Federal Securities Class Actions and the Federal Derivative Action, Plaintiff Díaz alleges that:

> [Defendants'] statements were materially false misleading. Specifically, these statements mislead and did not disclose:
> (a) That the Company's deferred tax assets in the U.S. mainland were exaggerated;
> (b) That the Company was experiencing rising losses in Puerto Rico and U.S. mainland loans in the construction sector;
> (c) That the quality of the loans connected with remnant mortgages in the U.S. mainland portfolios and other assets were deteriorating and materially exaggerated;
> (d) That the Company was experiencing a higher percentage of delinquent loans;
> (e) That the origination of new loans in the Company was decreasing; and
> (f) As a result of the foregoing, the Company soon would be facing concerns as to liquidity and would be obligated to cut or eliminate the payment of dividends to its shareholders

<u>Id.</u> ¶ 88.[2] <u>See</u> <u>also</u> <u>id</u>., "Substantive Allegations", ¶¶ 47-100. The complaints in the Federal Securities Action and the Federal Derivative Action contain almost exactly the same allegations, often word-for-word. *E.g.,* Complaint, *García* v. *Carrión, et al.*, Civil No. 09-1507(JAG), ¶ 2, attached hereto as **Exhibit 5**; Complaint, *Hoff* v. *Popular, et al.*, Civil No. 09-1428 (GAG), ¶ 38, attached hereto as **Exhibit 6**.

       3.      This action is removable under 28 U.S.C. § 1441(b) and (c), because it is within the District Court's original jurisdiction under 28 U.S.C. § 1331, as it includes one or more claims arising under the Constitution, laws, or treaties of the United States and/or claims that require resolution of substantial and disputed issues of federal law.

       4.      Plaintiff Díaz cannot divest this Court of jurisdiction by disguising a federal claim as a state claim. A case arises under federal law for purposes of removal jurisdiction when the

---

[2] The Díaz Complaint has two paragraphs marked "88." This is the second of these paragraphs.

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, disputed and substantial, which a federal forum may entertain without disturbing congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2006); *see also D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93 (2d Cir. 2001); *Gobble v. Hellman*, No. 02CV0076, 2002 WL 34430286 (N.D.Ohio, Mar. 26, 2002); *Weitschner v. Gilmartin*, No. 02-4879, 2003 U.S. Dist. LEXIS 18997 (D.N.J. Jan. 14, 2003).

     5.    Here, the claims arise under federal laws and/or regulations and/or require resolution of substantial disputed issues of federal securities laws. To wit, Counts I through V of the Complaint (and the factual allegations which they incorporate) allege that defendants breached fiduciary and other duties by, among other acts, making misrepresentations and/or omissions regarding Popular's financial condition in connection with filings with the Securities and Exchange Commission ("SEC"). Plaintiff Díaz defines defendants' fiduciary duties as including:

> […]
>
> (b) to exercise good faith in supervising the **preparation**, **filing,** and/or dissemination of financial statements, press releases, audits, reports, **or other information required by law**, and in examining and evaluating any report or examination, audit, or other financial information with respect to the Company's financial status.
>
> (c) to exercise good faith in assuring that the Company was operated diligently, honestly, and prudently, and **that it complied with all of the laws, rules, regulations, and requirements**, including acting solely within the margin of its legal authority.

Complaint, **Exhibit 3**, ¶ 46.

     6.    In other words, according to Plaintiff Díaz' allegations, defendants' fiduciary duties directly involve defendants' compliance with "the laws, rules, regulations and requirements" applicable to the "preparation, filing and/or dissemination" of the filings with the

SEC. Popular's filings with the SEC, which purportedly constitute the basis of the claims giving rise to the Complaint, were made pursuant to the requirements established by **Sections 13 and 15(d) of the Securities Exchange Act of 1934, 15 U.S.C. §78m and 78o (the "Exchange Act"), and rules and regulations promulgated by the SEC under the Exchange Act, and are, therefore, regulated entirely by federal securities laws and regulations**. See Complaint, **Exhibit 3**, ¶¶ 103-104. Therefore, Plaintiff Díaz' claims for the alleged breaches of fiduciary duties are completely intertwined --and depend on the Court's ruling on Popular's compliance-- with federal securities laws. As such, those claims necessarily require the Court's interpretation of federal securities laws and applicable rules and regulations.

7.  Likewise, Plaintiff purports to support his claims for purported breaches of fiduciary duties by asserting a claim for Popular's alleged failure to comply with **disclosure requirements regulated wholly by federal laws and regulations in connection with the offering of non-cumulative preferred stock of Popular (the "Preferred Stock") stock**. See Complaint, **Exhibit 3**, ¶ 69. Plaintiff Díaz alleges that the registration statement issued in connection with a $350 million offering of Preferred Stock (described in paragraphs 66 and 67 of the Complaint) did not disclose "material facts". This is purely a securities claim arising solely under federal law. The contents of the registration statement issued by Popular in connection with its offering of the Preferred Stock is **exclusively regulated by Section 11 of the Securities Act of 1933, 15 U.S.C. §77k (the "1933 Act")**. Therefore, in order to determine whether defendants failed to include "material facts" in the registration statement, the Court must interpret and/or apply Section 11 of the 1933 Act.

8.  The Complaint also asserts a cause of action and requests relief for restitution (or contribution) of all damages allegedly caused to Popular for the defendants' alleged "breaches of

fiduciary duties". These claims for contribution are both **established** and **limited** by federal law, pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j, Rule 10b-5 promulgated thereunder and the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737.[3]

9. Furthermore, Plaintiff Díaz also asserts a claim for illegal insider selling and insider stock transactions against co-defendant Manuel Morales, Jr. ("Morales"). Such a claim arises under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p, and thus, arises under federal law.[4]

10. In short, although they do not expressly cite the federal law on which they are based, the claims for alleged "breaches of fiduciary duties" that constitute the core of the Complaint arise directly under federal securities laws and regulations and/or necessarily state federal issues. As alleged by Plaintiff Díaz, the claims arise from the misrepresentations and/or omissions allegedly made by Popular's directors and officers regarding Popular's financial condition in connection with certain filings with the SEC made by Popular under the Exchange Act and/or the 1933 Act and the registration statement regarding Popular's offering of Preferred Stock filed by Popular with the SEC. These are classic securities claims that arise under federal laws and regulations. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing; D'Alessio v. N.Y. Stock Exch., Inc., supra; Gobble v. Hellman, supra; Weitschner v. Gilmartin, supra.*[5]

---

[3] See Complaint, **Exhibit 3**, ¶¶ 105, 125, 126, 127, 128, 131, 132, 133, 136, 137, 140, 141, 144, 145, Request for relief (A) and (C).

[4] See Complaint, **Exhibit 3**, ¶¶ 121-122.

[5] The Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any state law claims that do not present federal issues.

11.     Pursuant to 28 U.S.C. §1446(a), a copy of the Complaint filed before state court and summons are attached hereto as **Exhibits 1 and 2**, respectively, and are accompanied by the corresponding certified translations, pursuant to Local Rule 10(b), attached hereto as **Exhibit 3 and 4**, respectively.

12.     As of this date the only defendant served with process of the instant derivative action is the appearing defendant Popular which was served with process on September 9, 2009. See Summons, **Exhibit 2**. Defendant Carrión waived service of summons on October 5, 2009. Therefore, pursuant to 28 U.S.C. § 1446(b), this notice is being filed timely within thirty (30) days of service of summons and the Complaint upon Popular and of Carrión's waiver of service of process.

13.     On this date, Popular and Carrión served a copy of this notice on counsel for Plaintiff Díaz by certified mail and filed a copy of this notice with the Clerk of the Commonwealth of Puerto Rico Court of First Instance, Superior Court of San Juan, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Popular and Carrión, pursuant to 28 U.S.C. §§ 1441(b) and (c), respectfully remove this action in its entirety from the Commonwealth of Puerto Rico Court of First Instance, Superior Court of San Juan, to this Honorable Court.

**WE HEREBY CERTIFY** that today we electronically filed the foregoing document with the Clerk of Court using the CM/ECF system; served a copy of this notice on **Jane Becker Whitaker**, Law Offices of Jane Becker Whitaker, P.O. Box 9023914, Old San Juan Station, San Juan, PR 00902-3914 by certified mail; and filed a copy of this notice with the Clerk of the Commonwealth of Puerto Rico Court of First Instance, Superior Court of San Juan.

In San Juan, Puerto Rico, this 5th day of October, 2009.

             **PIETRANTONI MENDEZ & ALVAREZ LLP**
             Banco Popular Center, 19th Floor
             209 Muñoz Rivera Ave.
             San Juan, PR 00918
             Tel: (787) 274-1212
             Fax: (787) 274-1470

             s/Néstor M. Méndez-Gómez
             Nestor M. Méndez-Gómez
             USDC-PR 118409
             nmendez@pmalaw.com