IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL DIAZ

Plaintiff

vs                                                          CIVIL 09-2025CCC

RICHARD L. CARRION
JUAN J. BERMUDEZ
FRANCISCO M. REXACH, JR.
MICHAEL J. MASIN
MANUEL MORALES, JR.
JOSE R. VIZCARRONDO
MARIA LUIS FERRE
FREDERIC V. SALERNO
WILLIAM J. TEUBER, JR.

Defendants

and

POPULAR, INC.

Nominal Defendant

## STATEMENT OF REASONS IN SUPPORT OF REMAND ORDER

On September 30, 2010 the Court issued a Remand Order (docket entry 18).  The following is its **Statement of Reasons** in support thereof.

Before the Court is a shareholders' derivative action filed on October 5, 2009 in the Commonwealth of Puerto Rico, Court of First Instance, San Juan Superior Court.  The nominal defendant,[1] Popular Inc., and Richard L. Carrión, one of nine directors sued, filed a Notice of Removal (docket entry 1) stating that "the claims arise under federal laws and/or require resolution of substantial disputed issues of federal securities laws." (Notice of Removal, p. 4, at ¶5.)  Removing defendants sought consolidation with the case of García, derivatively for the benefit of and on behalf of the Nominal Defendant Popular Inc., v. Carrión, et al., Civ. 09-1507(JAG), as well as two class actions based on violations of federal

---

[1]Popular, Inc., is brought as a nominal defendant only.  All allegations in the complaint are made against the "individual defendants."  Therefore, when we refer to the "defendants," we mean only the individual defendants.  All references to the "complaint" will be understood to mean the certified translation.

CIVIL 09-2025CCC                           2

securities laws that have already been consolidated:  Russell Hoff et al v. Popular Inc., Civ.
09-1428(GAG), and Estate of Manuel Romero Sánchez et al, v. Popular Inc., Civ. 09-
1582(GAG).[2]  Carrión opposed the Motion to Remand (**docket entry 8**), plaintiff replied
(docket entry 9) and defendants sur-replied.  The Court in the García case held in abeyance
its decision on consolidation pending our ruling on the Motion to Remand (**docket entry
6**).

　　　　The purpose of this action is stated at page 2 of the complaint to be "the remediation
of breaches of the defendants' fiduciary duties, abuse of control, mismanagement,
squandering of corporate assets, and unjust enrichment that has caused substantial losses
to Popular and other damages, such as to its reputation and goodwill, from January 23, 2008
to the present."  The company, or nominal defendant Popular Inc., is a financial institution
in Puerto Rico which offers retail and commercial banking services.  It is alleged that
defendant Richard L. Carrión was Chief Executive Officer and President of the Board of
Directors throughout the relevant period.  The remaining defendants are directors of Popular,
Inc. and members of its various committees such as the Audit Committee, Risk Management
Committee, Compensation Committee and the Corporate Governance and Nominating
Committee.

　　　　The following core allegations address the elements of knowledge of and access to
confidential information, of control and of authority exercised by the individual defendants
as directors of Popular, Inc.  Such elements constitute a common factual denominator which
underlies plaintiff's overall claim that defendants breached their fiduciary duties:

> 35. During the Pertinent Period, the Individual Defendants, as senior
> executives and/or directors of Popular, had knowledge of confidential and
> proprietary information with respect to Popular, its finances, products, markets,
> and present and future business prospects....

---

[2]There are also three related class actions under ERISA that have been consolidated.

36.   Given their possession of such information, the Individual Defendants had access to adverse non public material information in connection with Popular....

....

38.   As senior executives and/or directors of the Company, the Individual Defendants had a duty to promptly disclose correct and true information with respect to Popular's financial status, its performance, growth, operations, financial statements, businesses, products, markets, management, present and future profits, and its future business prospects, and to rectify any statement made previously that had become materially inaccurate or confusing so that the market price of Popular's common shares would be based on true and correct information.

39.   Due to their positions with the Company, the Individual Defendants controlled and/or had the authority to control the content of their reports, press releases, and presentations to securities analysts and, through them, the investing public.

40.   The Individual Defendants received copies of the Company's reports and press releases, which . . . contained misleading information that they had the capacity and the opportunity to prevent from being published or, after publishing the same, of correcting it.

....

42.   Because of their positions as officers and/or directors of the Company and due to their capacity to control the Company's businesses and corporate affairs, the Individual Defendants had a fiduciary duty of good faith, trust, loyalty, due diligence, and they were and are required to use their maximum capacity to control and govern the Company fairly, equitably, honestly, and correctly.

....

44.   Due to their positions of control and authority as directors and/or officers of the Company, the Individual Defendants could act and, in fact, they exercised control over the improper acts complained of int this Complaint.

The complaint reproduces extensively several press releases issued by the company at different times, related to the financial situation of the company and to transactions made during the different quarters, which allegedly included material statements that were false and misleading or which withheld disclosure of information regarding matters, such as, rising losses in Puerto Rico and U.S. mainland loans, exaggeration of the company's deferred tax

CIVIL 09-2025CCC                                    4

assets in the mainland, increase in percentage of delinquent loans and decrease in the origination of new loans, all of which raised liquidity concerns.

After giving detailed reasons why it would have been futile to present the claims to the different members of the Board of the Board of Directors, the complaint sets forth five causes of action against the individual defendant directors:

1) for breach of the fiduciary duties owed to Popular, Inc., of attention, loyalty, reasonable inquiry, good faith and supervision which induced the company to falsely represent its financial situation;

2) for abuse of their capacity to control and influence Popular, Inc. for which they are legally responsible;

3) for mismanagement through abdication of their fiduciary obligations which has resulted in Popular, Inc. suffering damages in excess of millions of dollars;

4) by causing Popular, Inc. to squander valuable[3] assets through the payment of bonuses to some of its executives and to incur in potential legal liability in millions of dollars and/or legal costs to defend the illegal actions of the individual defendants which resulted in the loss of company assets for which the defendants are liable to the company;

5) for unjust enrichment of the defendants at the expense of Popular, Inc. and the return or repayment to Popular, Inc. of all benefits and gains obtained by them as a result of their illegal behavior and fiduciary breaches.  (See allegations 143-145 and Part "C" of prayer.)

The complaint neither refers to provisions of the federal securities laws nor is any federal statute, for that matter, a source of plaintiff's claims.  By way of relief, Díaz requests damages in favor of Popular caused by the individual defendants' alleged misconduct in violation of their fiduciary duties, restitution to Popular by individual defendants of all earnings

---

[3]The English version of allegation 10 of the fourth cause of action incorrectly translated "valiosos activos" as **"viable"** assets.

CIVIL 09-2025CCC                                    5

and other compensation that they received, and expenses and attorney's fees due to temerity.  Complaint, at 41.  As will be discussed below, no right to contribution is asserted.

Remand is sought based on plaintiff's contention that his complaint raises no issues of federal law.  Plaintiff notes that the breach of fiduciary duty claims derive from Puerto Rico corporate law.   Carrión and Popular, Inc. counter that the "core of the claims asserted in [Díaz'] Complaint arise under and/or require substantial determination of federal securities law, and were, thus, properly removed.  . . .  The alleged breaches of fiduciary duties are grounded on alleged violation of federal securities laws or regulations. . . . Díaz' claims ultimately turn on whether defendants complied with the laws, regulations and requirements applicable to the preparation, filing and dissemination of those filings with the Securities and Exchange Commission ('SEC')."  Opposition to remand, at 1-2.  They further contend that "the federal securities law actions, [referring to Hoff and Romero Sánchez], as well as another pending federal court derivative action and three cases brought under the federal ERISA statute, all rely on the same underlying factual allegations concerning purported misstatements and omissions in the Company's public disclosures and SEC filings upon which Plaintiff relies."  Id. at 3.

All of the other cases were filed in federal court and all, except the other derivative action which was initially based on diversity, were focused on and filed pursuant to the federal securities law or ERISA.  While the convenience for defendants to litigate all of the actions against them in one forum is understandable, plaintiff, nonetheless, has the right to choose his causes of action and the forum in which to litigate them.  See, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).


**ANALYSIS**

Defendants removing to federal court have the burden of establishing that the Court has subject matter jurisdiction over the case.  Amoche v. Guaranteed Trust Life Ins. Co., 556

CIVIL 09-2025CCC                                      6

F.3d 41, 48 (1st Cir. 2009); Danca v. Private Health Care System, Inc., 185 F.3d 1, 4 (1st Cir. 1999).

When diversity of citizenship is lacking the jurisdiction of the District Court depends upon whether the cause of action set forth arises under the Constitution or laws of the United States. The general rule is that, where it appears from the complaint of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States; and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction. See Smith v. Kansas City Title & Trust Co., 225 U.S. 180, 199; 41 S.Ct. 243, 299 (1921).

To determine whether a claim arises under federal law, we examine the "well-pleaded" allegations of the complaint and ignore potential defenses...." Beneficial Nat'l Bank v Anderson, 539 U.S. 1, 6 (2003). There are exceptions to the well-pleaded complaint rule. Id. One exception is the artful pleading doctrine: plaintiffs may not "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397, n.2 (1981). Another exception is the "substantial-federal-question" doctrine, which applies where the vindication of a right under state law necessarily turns on some construction of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.s. 1, 9 (1983). A state law claim arises under federal law where (1) federal law completely preempts the state law invoked in the complaint; (2) the state claim is necessarily federal in character; or (3) the right to relief requires the resolution of a substantial, disputed federal question. In re Textainer partnership Securities Litigation, 2005 WL 1791559 (N.D. Cal.)

The removing defendants make blanket references in their Notice of Removal to Popular "filings" with the Securities and Exchange Commission, without identifying any specific document, other than a passing reference to a registration statement. They then add that the "filings with the SEC . . . were made pursuant to the requirements established

CIVIL 09-2025CCC                                7

by Sections 13 and 15 of the Securities and Exchange Act of 1934, 15 U.S.C. §78(m) and 78(o) . . . and are, therefore regulated by the federal securities laws and regulations." See Notice, p. 5.  Defendants make no attempt to state which of the multiple provisions of §78(m) they refer to nor what the complaint has to do with compliance with any of the requirements included in that section.  The same applies to Section 78(o) which deals with the registration of brokers and dealers.

The Notice mentions that plaintiff seeks a request for contribution, without laying any foundation either in law or fact.  Specifically, the removing defendants state at pages 5 and 6 of the Notice of Removal as follows:  "The complaint . . . requests relief for restitution (or contribution) of all damages allegedly caused to Popular for the defendants' alleged breaches of fiduciary duties....  These claims are both **established** and **limited** by federal law pursuant to Section 10(b) of the Exchange Act Section 78j, Rule 10b-5 promulgated thereunder."

To be sure, there is a right to contribution in an action under Rule 10b-5 but it is the defendants that have a right in such an action to seek contribution as a matter of federal law. This is a right that has been recognized for 10b-5 defendants which permits a 10b-5 defendant to recover contribution from any person who, if joined in the original action, would have been liable to make the same payment.  The Supreme Court in Musick, Peeler & Garrett v. Employers Ins., 113 S.Ct. 2085, 2091-92 (1993), at the outset defined the issue of the right of a 10b-5 defendant to seek contribution in the following manner:

> Where there is joint responsibility for tortious conduct, the question often arises whether those who compensate the injured party may seek contribution from other joint tortfeasors who have paid no damages, or who have paid less than their fair share....  We must determine whether defendants in a suit based on an implied private right of action under §10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 of the Securities Exchange Commission (a 10b-5 action) may seek contribution from joint tortfeasors.

The Court, after comparing the nearly identical provisions for a right to contribution found in Sections 9, 10(b) and 18, 15 U.S.C. §78i(e); 78j (b); 78r(b), held that "[t]hose charged with

CIVIL 09-2025CCC                                          8

liability in a 10b-5 action have a right to contribution against other parties who have joint responsibility for the violation."   Clearly the plaintiff cannot be cast as a defendant who may seek contribution from other defendants who may have joint responsibility for securities violations.

The Notice of Removal also includes as a basis to anchor jurisdiction an alleged instance of illegal insider selling and insider stocks transactions against defendant Manuel Morales.  A review of the complaint reflects that this is mentioned only at ¶121 and merely as one of the reasons why plaintiff did not make a demand to Morales to present the claims made in the complaint.  Like Morales, plaintiff points out that the other directors had alleged conflicts of interest which did not allow them to make disinterested decisions, thereby rendering useless a demand to the Board.

The concrete factual allegations referring to the directors' misconduct in breach of their duties, set forth at pages 7-8 of the complaint, allegations 39 through 46, neither include essential elements of any federal securities law violation nor are they cast in a legal framework outside Puerto Rico corporate law.  A review of these allegations under the title "Duties of the individual defendants" reflects that what is charged is that all of the individual defendant directors had knowledge and access to the information that was contained in reports, press releases and presentations to securities analysts; that they received copies of reports and press releases which had misleading information and whose publication they could have prevented or, if published, corrected; that as officers and directors they had control over corporate affairs and had a fiduciary duty of good faith, loyalty and diligence to govern the company equitably, correctly and honestly; and that they had authority as directors that enabled them to exercise control over improper acts.  It is further alleged that due to their positions they had the duty to exercise reasonable supervision over the company's management policies and practices to ensure that its affairs were carried out efficiently, with high quality performance, and that such supervision covered the preparation,

CIVIL 09-2025CCC                                   9

filing and dissemination of financial statements, press releases, audit reports or other information required by law so that the company operated diligently and in compliance with all laws, rules and regulations.

The allegations of misconduct and shortcomings made against the individual directors are followed by "substantive allegations," all related to fourteen press releases issued by Popular at different times between January 2008 and April 2009 which allegedly contained false and misleading statements.  The complaint charges that the defendants, in breach of their fiduciary duties of governance, supervision and control over the company, allowed such press releases to be disseminated.  An integrated reading of the allegations of the complaint, regarding the duties of the individual defendants in conjunction with the concrete factual averments related to the press releases issued by Popular, reflects that what is claimed to be misleading and false are the statements contained in the press releases.  What plaintiffs denounce that individual directors did was to incur in a breach of their fiduciary duties by not stopping their publication or rectifying their contents, despite having the authority, control and supervision as officers and directors of the company to do so.

In countering defendants' arguments regarding the purported need to make a determination based on federal securities laws, plaintiff refers to specific provisions of the Law of Corporations of Puerto Rico pursuant to which he has pursued his breach of fiduciary duties claims against the members of the Board of Directors of Popular, Inc.  These are found in 14 LPRA §§2723, 2724 and 2727 which provide:

§2723. Directors and officials-Obligations

The directors and officers shall be obliged to dedicate to the affairs of the corporatio and to the exercise of their duties the attention and care which in a similar position and under analogous circumstances a responsible and competent director or officer would [execute in applying his business judgment in good faith].  Only gross negligence in the exercise of the duties and obligations mentioned above will result in personal liability.

CIVIL 09-2025CCC                              10

§2724. Directors and officials-Loyalty

Whenever the directors, officers and majority stockholders have personal interests in matters affecting the corporation, they shall be subject to a standard of loyalty which obligates them to act fairly in relation [to] corporate matters.

§2727. Directors and officials-Liability for false statements

If the directors or officers of any corporation organized in accordance with the laws of the Commonwealth of Puerto Rico knowingly cause the publication of or furnish any false written statement or report with respect to any important matter regarding the condition or business of the corporation, such directors or officers who shall have caused the publication or shall have furnished or approved such report or statement shall each be jointly liable for any loss or damage resulting therefrom.

Sections 2723 and 2724 of the Law of Corporations set forth the standard of conduct of directors in the exercise of their duties as that which a responsible and competent director would execute in applying his business judgment. Gross negligence in the exercise of the duties and obligations results in personal liability. They are also subject to a standard of loyalty which obligates them to act fairly in relation to corporate matters. It also makes directors of corporations liable in damages for knowingly causing the publication of a false written statement or report or approving such report or statement with respect to any important matter regarding the condition or business of the corporation. See Puerto Rico Law of Corporations, 14 LPRA §2727. The remedies provided address what the complaint denounces: liability of the directors for their departure from these norms which led, as alleged in the complaint to internal mismanagement, misinformation, lack of effective governance and supervision of corporate affairs, squandering of corporate assets and unjust enrichment by the officers. This type of action is of the kind that is traditionally relegated to the remedies provided by state law. As stated in Santa Fe Industries, supra, at 479 citing Cort v. Ash, 422 U.S. 66 at 84, 95 S.Ct. 2080, at 2091 (1975): "'Corporations are creatures of state law, and investors commit their funds to corporate directors on the understanding that, except where

CIVIL 09-2025CCC                                11

federal law expressly requires certain responsibilities of directors with respect to stockholders, state law will govern the internal affairs of the corporation.'"

Our Circuit has cautioned, precisely citing Cort v. Ash, supra, against stretching federal securities laws to state claims of breach of fiduciary duties.  In Merino Calenti v. Boto, 24 F.3d 335, 338 (1st cir. 1994), the Court stated:

> We begin by noting that the Supreme Court has expressly declined to extend the reach of federal securities laws into the realm of substantive state corporations law.  Rather, it has noted that '[c]orporations are creatures of state law, and investors commit their funds to corporate directors on the understanding that, except where federal law requires certain responsibilities of directors with respect to stockholders, state law will govern the internal affairs of the corporation.' . . .  More specifically, the Court has expressly refused to extend section 10(b) to causes of action based on breaches of state law corporate fiduciary duties.

Having carefully reviewed the allegations of the complaint, the Notice of Removal, the Motion to Remand, defendants' Opposition, the Reply and Surreply, the Court concludes that federal law does not preempt the state law relied upon by plaintiff and that plaintiff's claim is neither necessarily federal in character, nor does it require resolution of a substantial federal question for plaintiff to obtain the relief requested.  A finding that defendants violated federal securities laws is not essential to the question of whether defendants breached their fiduciary duties which is what plaintiff predicates his claim on.

These are the reasons for the Court's Remand Order of September 30, 2010 (docket entry 18).

SO ORDERED.

At San Juan, Puerto Rico, on October 13, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge